# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3243

_____

Deborah J. Blake,                           *
                                            *
    Plaintiff - Appellant,         *     Appeal from the United States
                                            *     District Court for the
v.                                          *     Western District of Missouri.
                                            *
Jo Anne B. Barnhart, Commissioner           *     **[UNPUBLISHED]**
of Social Security,                         *
                                            *
    Defendant - Appellee.          *

_____

Submitted: February 14, 2003

Filed: June 9, 2003

_____

Before LOKEN,[*] RILEY, and SMITH, Circuit Judges.

_____

PER CURIAM.

Deborah Blake applied for Social Security disability and supplemental security income benefits, alleging that she became disabled on September 27, 1998, following a January 1998 motor vehicle accident. After an evidentiary hearing, the administrative law judge found that Ms. Blake suffers from osteoarthrosis and back disorders which are severe but not listed impairments; that she cannot perform her

_____

[*]The Honorable James B. Loken became Chief Judge of the United States Court of Appeals for the Eighth Circuit on April 1, 2003.

past relevant work as institutional cook, poultry lineworker, housekeeper, and laundry worker; but that she has the residual functional capacity to perform a significant range of sedentary work, such as addresser and touch up screener, and is therefore not disabled. Ms. Blake petitioned for judicial review of this adverse final agency action. The district court[1] affirmed, concluding that the ALJ's decision is supported by substantial evidence on the administrative record as a whole.

On appeal, Ms. Blake argues that the ALJ's finding regarding her residual functional capacity -- that she can "lift a maximum of 10 pounds; sit or stand for 1 hour; walk 30 minutes; is limited in overhead reaching; is slightly limited in reaching outward; should only occasionally climb, balance, kneel, stoop, or crawl; and should avoid hazardous equipment" -- is unacceptably vague in that it fails to quantify any precise limitation, is incomplete in that it fails to address all her limitations, and fails to cite supporting record evidence. However, after careful review of the administrative record, we agree with the Commissioner that any weakness in the ALJ's description of Ms. Blake's residual functional capacity is merely an "arguable deficiency in opinion-writing" that "had no practical effect on the outcome of the case." Brown v. Chater, 87 F.3d 963, 966 (8th Cir. 1996) (quotation omitted). Accordingly, the judgment of the district court is affirmed for the reasons stated in the court's order dated June 25, 2002. See 8th Cir. Rule 47B.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[1]The HONORABLE DEAN WHIPPLE, Chief Judge of the United States District Court for the Western District of Missouri.